Good morning. I'm Michael Harwin. I'm representative for Mr. Benson. There are five issues I want to address today in my brief amount of time. You know, let me interrupt you for just a moment. I can see that the light is quite strong on the side of your face. If you could press that shade a little so that you're not so bothered by that light, I sure would make your life a little easier. Thank you. There we go. We can start again then. I think I think this will make life easier for you. There's five issues I want to address, judges. And the first one is the government's failure to raise, address a material element of the offense in the indictment. What standard of review should apply to that? The second is the Rule 29 issue, that there is not enough evidence of deceitful and dishonest means presented to the jury to convict. The third is that the court severely limited this pro se defendant, both in time and in what would The defense that was really screaming out, which was that he did not use deceitful and dishonest means. The court, fourth issue, has failed to give the pattern instruction defining intent to defraud. And the fifth is that the court wrongly instructed the jury on the offense clause of 371, the conspiracy statute. And it's issues one and five I want to focus on the most. Okay. The net effect was that you have a pro se defendant who's really not on notice of the material elements of the Klein conspiracy. Never put on notice. Now, what is it precisely that he was not put on notice of? That the government had to prove that a lawful function of treasury by using deceitful and dishonest means. It's the deceitful and dishonest that he said you were either you say he was not put on notice of. That's exactly what I'm saying, Judge. And it's important, especially in a pro se defense. And now, why are you I mean, why should we treat this any differently from an ordinary defense? He had two lawyers, I think. Is that right? But he didn't like him. He didn't like him. He fired him. And it is clear the law is clear that when a man waves to counsel and defends himself, he does so at his own peril. But there's a number of reasons why it makes a difference here. First of all, I know the government is going to argue today that the Klein error standard ought to apply to their failure to allege the material element. And there's no real question that it is a material element pursuant to Caldwell. Caldwell calls deceitful and dishonest means element three. That's the law. But for example, the government claims plain. The government's going to contend that. Do you contend otherwise that it's not plain error? I do. And let me tell you exactly why. And this is to answer your question as well. Does it make a difference that he's presenting his case pro se? Well, the government claims that the issue was never raised. But docket number one, docket item 133, the defendant pro se moved to dismiss the indictment. And he moved to dismiss on page 52 and 53 of that docket item as the indictment being fatally flawed because it failed to include an essential element of the offense charge. Page 53 of his long motion, he cites the Sixth Amendment notice provision. Page 54, he argues that the indictment must set forth each and every essential element. And page 54, he also cites that it fails to cite the law he supposedly violated. Docket number 136, the court's order denying his motion to dismiss cites Klein and addresses the issue. And the court in its minute entry, its order, cites Klein as spelling out the conspiracy, finding that pursuant to Klein, the elements are there. Docket 122 of the government in addressing a previous motion to dismiss filed by the defendant explains a Klein conspiracy. On page 8, lines 5 through 7 of the government's consolidated response, the government argues that the indictment meets the constitutional requirement that it set forth the elements of the offense charged. So, Judge Tacima, I am arguing that plain error doesn't apply. And to argue your question, to answer your question, Judge Fletcher, I think it does make a difference that he proceeded pro se because my understanding is that although he's doing so in his own peril, and although he didn't cite the missing element, he didn't cite Caldwell in his brief, and he didn't say government, you failed to allege deceitful and dishonest means, my understanding is that courts will construe a pro se defendant's pleadings liberally, and he came pretty close. He didn't tell him what element was missing, but he surely argued several times that the elements were, and both the court and the government responded that the elements were all there, citing Klein. So I'm not so sure a plain error standard applies here. And that's my answer to your question. And if that's the case, I think the line that you found was missing, and that the indictment must be dismissed. Now, as to issue number 2... I believe that's what the law is. Yes. That is my understanding, Judge Fletcher. Let me just briefly touch on issue 2, and that's the rule 29 issue. And what that issue means to me, as the government would have it, it can include mere concealment. It can include failing to file tax returns. I beg to differ in looking both at Caldwell, and the case I should have cited that Caldwell cited called Murphy. I would bet, in analogizing to the facts of Caldwell, that the indictment against Patricia Caldwell, who was a bookkeeper at a warehouse bank that concealed all kinds of information, read pretty similar to Mr. Benson's. I don't have that indictment, but I think the basic allegation was concealment. Concealment of information the IRS would certainly like to have. In that case, she wasn't the principal, and she was basically failing to report. Isn't that right? Isn't that a fair summary of what was going on in that case? I think it is, Judge. I think it's failure to report. I want to Failure to reveal. Maybe I should say it that way. Failure to reveal. I want to also characterize it as being a concealment case, because I think that's intellectually fair to do. By failing to reveal, by concealing the identity of the account holders, by concealing the deposit transactions and the withdrawals I think that could also be considered concealment. But we've got a fair amount of proof in this case that was more than simply a failure to reveal. I mean, he was, if I can use the word in an approximate sense, he could have been laundering a fair amount of money through other people. I mean, there are all kinds of things that he was doing that looked as though a reasonable jury could have concluded were intended to deceive. I'm going to beg to differ with you, and I think in an honest fashion, but only looking at what the government cited as the reasons on page 26 of their brief. Reason one. And they were in bullet points. He helped to conceal transactions. He instructed his clients to conceal transactions. He instructed his clients to not file tax returns. Some clients didn't file. Some clients were prosecuted. This is what the government claims was the deceitful and dishonest means. And the IRS had cheated out of him. Cheated, that's the word they used, out of a million dollars. My point is that in citing Caldwell and the case it cites, that there must be more than just concealment. Maybe you disagree with me on these facts, but I started asking myself, why didn't the government charge this man with tax evasion or conspiracy to evade taxes? The only affirmative acts are the ones they mentioned in their own brief. My answer, my response is that based on Caldwell and based on Murphy, there's a distinction between an affirmative act and a deceitful and dishonest statement. I mean, they seized thousands of pages of this man's records in 1997. They held it almost to the last possible moment before indicting him. And that's another issue in this case, but I'm not focused on it right now. And if they had found one false statement in there, I think they would have used it or indicted him. But there were no affirmative false statements proven at trial. And if your time has expired, why don't we hear from the government, but then we'll give you some time to respond. Thank you. Good morning. May it please the Court, I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States. First of all, let me address the indictment issue. The defense counsel kept referring to the government, the indictment, count one of the indictment failing to state an element of the offense. What it actually does not explicitly do is define an element of the offense. What Caldwell says, and Caldwell, remember, was a jury instruction case. Caldwell says that in a conspiracy to defraud in the United States, defraud has to be by deceitful and dishonest means. And basically what Caldwell is doing is providing a definition for defraud, actually based on an old Supreme Court case defining defraud in the 371 conspiracy statute. And the case law is very clear that an indictment does not have to spell out definitions of legal terms that have established legal definition. And that is what happened in this case. The indictment, looking at the indictment in total, the conspiracy count in total, and the conspiracy count goes on for about 16 pages, actually, in the indictment. It certainly does allege deceitful and dishonest means, although it doesn't use those words. It alleges, and it falsely told his clients that they didn't have to file tax returns. It alleged that they concealed income. It alleged that he concealed income. So it does allege... But why does his concealment of his own income come within the terms of the indictment? Because what was going on in the way the conspiracy count is charged, basically, the count alleges that the defendant and his clients, for lack of a better word, were basically agreeing together to conceal each other's income. In other words, the clients paid defendant in a way that allowed the defendant to conceal his income from the IRS. But he just made the point, and it seems to me correct, this is not a tax evasion case in which he's charged with failing to pay taxes on his own income. No. What he's charged with is conspiring to defraud the Internal Revenue Service by obstructing the Internal Revenue Service in its lawful functions of ascertaining, computing, assessing, and collecting income taxes. Including his own? Including his own. I mean, somebody can conspire to defraud the United States involving their own taxes. And in this case, he was doing both that and conspiring. I see. So in your view, his own income tax evasion is included within the terms of the conspiracy? Absolutely. So the indictment does sufficiently allege the crime of conspiracy to defraud the United States. All the Caldwell case does is provide a definition of that term. And it's a well-established, ascertained definition coming from a Supreme Court case from the 1920s, essentially. So in that regard, the government was not obligated to define that term, just like there are other legal terms in the indictment that the government is not obligated to define in the indictment. For example, in counts two and three of the indictment, the failure to file counts, the counsel alleges the defendant willfully failed to file tax returns. The Supreme Court has said willfully means a voluntary intentional violation of a known legal duty. But the government doesn't have to allege that in the indictment. All they have to allege is that it was done willfully, because willfully has an established definition. So for that reason, the indictment is valid no matter what standard of review you use. As far as the sufficiency of evidence, in this case, there was ample evidence that the government was defrauded by the defendant's conduct and the conspiracy that the defendant was the head of. Probably the bottom line is the government was cheated, as the jury found, out of over $1 million in tax revenue. That is in and of itself sufficient to establish that the government was defrauded, because they were out money. The evidence was certainly sufficient to show deceitful and dishonest means were used. The defendant concealed his – the concealing – under Caldwell, concealing in and of itself is not sufficient to establish a conspiracy to defraud. But the Caldwell case itself says that you can meet that standard by having concealment plus – and they gave in this example the failure to file required reports. And that's exactly what we have here. We've got the concealment of income plus the failure by both defendant and his clients to file required reports, which are the federal tax returns that are required to be filed by law every year. So the evidence clearly does show defrauding based on the definition in Caldwell. Now, if I were required to file tax returns and I don't file tax returns, is – am I engaging in deceitful and dishonest means or am I just failing to file a tax return? If you are doing it – Then I'm doing it because I don't want to pay taxes. And you know you have to file tax returns. Sure. Okay. I just don't do it. In that case, I think there would have to be probably more than just a failure to file. There would have to be some attempt at concealment, too, I think. Then your argument, I think, just fell apart. I think you need more than just a requirement that you file a report and a failure to file a report. You need something else to show deceitful and dishonest means. You need the concealment, is what I'm saying. So where does the concealment come from in this case? In this case, the concealment comes from the fact that the defendant, number one, had his clients pay him in a way that made it virtually impossible for the Internal Revenue Service to trace it. And he said – he told the clients that was essentially the reason he was doing it that way. He instructed the clients how to conceal their income so that the Internal Revenue Service couldn't trace it. He had some of his clients pay him through an offshore bank account in the Cayman Islands to conceal it from the Internal Revenue Service. What instructions? I understand. I think I've got pretty much what he told his clients to do in terms of their payment to him through the offshore account, through somebody else, cash payments and so on. What did he instruct his clients to do, according to the evidence that's in the record, that's deceitful and dishonest as a way of concealing their income? Basically the same methods that he was using. He told them not to use bank accounts in the United States. He told them to deal in cash to conceal so that there would be no – he kept using the term paper trail or money trail. He instructed the clients that they didn't want to do anything that would create a paper trail or a money trail, which is, by definition, an act of concealment. He also instructed them that it would be wise to get an offshore bank account in the Cayman Islands. He instructed them, like I said, not to file returns. So he instructed them basically to become – to operate their financial affairs in a way that made it impossible for the Internal Revenue Service to track their income, essentially. Okay. And that is concealment. So in this case, the government did establish – and a reasonable jury certainly could conclude – that all the elements of the offense were present and proved beyond a reasonable doubt. Shifting focus somewhat, tell me what evidence there is of an overt act committed within the statute. Within the statute of limitations period. Okay. The jury was specifically instructed that they had to find an overt act within the statute of limitations period. At trial – let me back up. The indictment alleged an overt act that was within the statute of limitations period, and that's the Exhibit 6 of – a transaction evidenced by Exhibit 6, which is one of the arguments the defendant makes in his brief. And that was a check that was – attempted to be cashed through somebody else's bank account, again, to conceal the defendant's financial transactions. That was alleged in the indictment, and that was proven at trial. In addition, the government proved other overt acts within the statute of limitations period that weren't specifically charged in the indictment. And that included the fact that the defendant committed the crime of failing to file his own tax returns for 1995, including the fact the defendant failed to file his own tax returns as required by law for 1996, and also there was another financial transaction where the defendant had a payment for – a payment of his income to him paid through a third individual named Dennis Meekin who had basically laundered it. Overall proven at trial, and the jury was instructed that they had to unanimously agree that one of – an overt act within the statute of limitations period occurred. And the government is not required to allege every single overt act in the indictment, including overt acts that form the basis of the conviction, as this Court has held in Poole A, or including statute of limitations, which the Second Circuit has held. And the government – That element that we're just mentioning, the overt act, what you're referring to was the check that was given to Burns for the new life care center that he would in turn receive cash for? Is that the one that's within the statute? That's the one that's specifically alleged in the indictment, Your Honor. And it's within the statute, right? Yes, it is. All right. Now, your opponent indicates that there is not a sufficient basis for introduction of that because there was no showing as to where that money came from for the check that was given to Burns. The defendant states that there was no direct evidence that that was income to Mr. Benson, and the government's response to that is twofold. First of all, there was circumstantial evidence that a reasonable jury could conclude that that check represented income, and that's essentially the fact that every other check that the defendant had negotiated through Mr. Burns' bank account was proven at trial to be income, expressly proven at trial to be income. The second response is because this case used in a fraud to the United States, specifically the Internal Revenue Service, in the ascertainment, assessment, computation, and collection of income, any concealment of a financial transaction would be relevant and an overt act in furtherance of that conspiracy because the Internal Revenue Service can't ascertain somebody's income if they can't trace it and figure out what it is. They can't compute it for the same reason, and they can't collect it if the defendant conceals his financial assets. So for those reasons, it's relevant even if the court would conclude there wasn't sufficient evidence to conclude that that check specifically represented income to the defendant. I'm sorry. Run that one by me again. First of all, what is the evidence that this check represented income? The circumstantial evidence that this check represented income was the fact that it was proven at trial that every other check that was introduced where the defendant had used Burns' bank account to negotiate the defendant's financial transactions, all of those other checks represented income. And that was expressly proven at trial that those other checks represented income. So a reasonable jury could infer that this check also represented income. And then like I said, the second argument is the fact that whether it's income or not in this type of conspiracy doesn't really matter because it's more than just determining what the defendant's tax liability is. It also involves attempting to collect it and assess it and all of that, which also, if you're hiding financial transactions, you're basically making it impossible for the Internal Revenue Service to do its job. And that's what the Klein conspiracy is designed to reach. Okay. You're over time. Are there any more questions from the bench? Okay. Thank you very much. And we'll give you a little time to respond. Well, I'd like to address two points that the government made. First is that the government seemed to take the position, I want to quote them, that the indictment doesn't need to spell out the definition of legal terms. So it seems the government is taking of the position that deceitful and dishonest means is not an element of the effect It's a defense, but it's merely a legal term, and I beg to differ. Is deceitful and dishonest part of the statute? Or is it part of a gloss on the statute? I'm reluctant to use the term gloss on the statute. I guess I'll say it this way. Are those words used in the criminal statute? Judge Fletcher, they're clearly not. You know what my answer is going to be, though, is that many times case law has added elements to statutes. An indictment is sufficient if it recites the statutory elements so long as there are no others. My position, and I think it's the law, I mean it's the law in three circuits, that deceitful and dishonest means is an additional element. In the first couple paragraphs of Caldwell, the court lays out the elements in typical fashion, and then calls deceitful and dishonest means element three. So I think government is hard-pressed to say that this isn't an element that's been added by case law to lessen the broad sweep of the defraud clause of 371. And I think that's the law. And I think Congress is dead wrong on this. Yeah, I'm just reading from Caldwell. The opinion says the defraud clause prohibits all conspiracies, quote, to defraud the United States or any agency thereof. Well, this seems to cover only defrauding in the normal sense of the word, acquiring another person's property by intentional misrepresentations. The word defraud has been read much more broadly. Defrauding the government under Section 371 means obstructing the operation of a government by any deceitcraft. Sounds like a gloss on the statutory term rather than an additional element. It's a broad reading of the term. Well, if I'm wrong, I'm wrong. The way I read it, and I don't want to go on and on, is that because the defraud clause has been interpreted to be so all-encompassing and so broad, the Ninth Circuit, along with two other circuits, is adding an element that, you know, you don't have to defraud of monetary value, but if you're going to obstruct the government, you've got to at least do it  And I read it as an element. Can an element be added to the crime by the decision of the court? Or do the elements have to be defined in the statute itself? So that the element in my mind is defraud. I don't think another element of the crime can be added by judicial decision. I think that's what the court Judge Hugg, I think that's what the court in Caldwell did the court found constitutional error for not instructing on the deceitful and dishonest element I think the court in Caldwell treated it as an element. And I think the case law, if I may beg to differ with you, sir the case law does support that some elements have been read in by the courts, glossed so to speak, added to the statutes, both in state and federal courts By terms of definition rather than actually a whole new element Well, I obviously come down on the side that it's not merely a definition and the government clearly disagrees with me I don't want to belabor the point and appreciate your position on it The one other thing I thought I should address You're well over, why don't we give you one more minute to wrap up I don't want to make you sit down I very much appreciate you giving me extra time Thank you both sides for your helpful argument The case of United States v. Benson is now submitted for decision The next case on the calendar, United States v. Dixon has already been submitted on the briefs
judges: Hug, Tashima, W. Fletcher